# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>Knotel, Inc., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 21-10146 (MFW)<br><br>Jointly Adminstered |
| In re<br>Knotel Canada, Inc.,<br><br>                    Debtor.<br><br>Canadian Business No: 79746 0136 | Chapter 11<br><br>Case No. 21-10540 (MFW)<br><br>Joint Administration Requested |

**MOTION OF DEBTORS KNOTEL, INC., AND KNOTEL CANADA, INC., FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Debtor Knotel Canada, Inc. ("Knotel Canada"), and Knotel, Inc., and its affiliated debtors and debtors in possession (the "Original Debtors" and, together with Knotel Canada, the "Debtors") respectfully move (the "Motion") as follows:

## RELIEF REQUESTED

1. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), directing the joint

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.omniagentsolutions.com/knotel or, alternatively, via the Bankruptcy Court at https://ecf.deb.uscourts.gov/cgi-bin/login.pl with a Public Access to Court Electronic Records ("PACER") account, which may be obtained at https://pacer.uscourts.gov.  The location of Debtor Knotel, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5-9 Union Square West, New York, NY 10003.

administration and consolidation of Knotel Canada's chapter 11 case with the jointly administered Original Debtors' chapter 11 cases for procedural purposes only.

2.  The Debtors also request that (a) the Court maintain one file and one docket for all the jointly-administered chapter 11 cases under the case number assigned to Knotel, Inc., Case No. 21-10146 (MFW), and (b) these chapter 11 cases be administered under a consolidated caption, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Knotel, Inc., *et al.*, | Case No. 21-10146 (MFW) |
| Debtors.[1] | Jointly Administered |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.omniagentsolutions.com/knotel or, alternatively, via the Bankruptcy Court at https://ecf.deb.uscourts.gov/cgi-bin/login.pl with a Public Access to Court Electronic Records ("PACER") account, which may be obtained at https://pacer.uscourts.gov. The location of Debtor Knotel, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5-9 Union Square West, New York, NY 10003.

3.  The Debtors also request that an entry be made on the docket of Knotel Canada's chapter 11 case to reflect the joint administration of these chapter 11 cases, substantially similar to the following:

> An Order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Knotel, Inc. and its affiliated debtors, including Knotel Canada, Inc. The docket in the chapter 11 case of Knotel, Inc., Case No. 21-10146 (MFW), should be consulted for all matters affecting these cases.

4. Further, the Debtors request that the Court authorize them to utilize a combined service list for the jointly-administered chapter 11 cases and that combined notices may be sent to the Debtors' creditors where appropriate.

## JURISDICTION

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. The statutory bases for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), as supplemented by rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## BACKGROUND

8. On January 31, 2021 (the "Original Debtors' Petition Date"), the Original Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. On the Original Debtors' Petition Date, the Original Debtors filed the *Debtors' Motion for Entry of an Order Directing Joint Administration of Chapter 11 Cases* [D.I. 2] (the "Original Debtors'

3

Joint Administration Motion"). By order of the Court dated February 2, 2021 [D.I. 36], the Court granted the Original Debtors' Joint Administration Motion, and the Original Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered under Case No. 21-10146 (MFW).

9. On February 8, 2021, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") [D.I. 122]. No trustee or examiner has been appointed in these cases. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. On March 8, 2021, Knotel Canada commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Knotel Canada Petition Date"). Knotel Canada is a wholly-owned subsidiary of Knotel, Inc.

11. Knotel Canada intends to commence an ancillary proceeding (the "Ancillary Proceeding") under Part IV of the *Companies' Creditors Arrangement Act* R.S.C., 1985, c. C-36, as amended (the "CCAA") in the Ontario Superior Court of Justice (Commercial List).

12. Concurrently herewith, the Original Debtors and Knotel Canada have filed a motion with this Court requesting that generally applicable orders previously entered in the Original Debtors' chapter 11 cases apply to Knotel Canada in its chapter 11 case.

13. A description of the Original Debtors' corporate structure, their business, and the events leading to commencement of the chapter 11 cases is set forth in the *Declaration of John M. Jureller in Support of First Day Relief* [D.I. 3], as supplemented by the *Supplemental Declaration of John M. Jureller in Support of First Day Relief* (the "First Day Declaration") filed concurrently herewith.

**BASIS FOR RELIEF**

14. Under Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Knotel Canada is an "affiliate" of the other Debtors as that term is defined under section 101(2) of the Bankruptcy Code, because Knotel Canada is a wholly-owned subsidiary of Knotel, Inc., as are the other Debtors. Accordingly, this Court is authorized to grant the relief requested herein.

15. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

16. As set forth in the First Day Declaration, entry of an order directing joint administration of Knotel Canada's case with the other Debtors' chapter 11 cases will avoid duplicative notices, applications and orders, thereby saving the Debtors and parties in interest considerable time and expense, as well as ease the administrative burden on the Court and the parties. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the chapter 11 cases. By aggregating all papers related to Knotel Canada and the Original Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Debtors in one place and will thereby be better able to keep apprised of the matters before this Court.

17. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate and in the best interests of their estates and creditors and should be granted.

## **NOTICE**

18.     Notice of this Motion is not required pursuant to Local Rule 1015-1.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: March 9, 2021
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Eric W. Moats*
Robert J. Dehney (No. 3578)
Matthew B. Harvey (No. 5186)
Matthew O. Talmo (No. 6333)
Eric W. Moats (No. 3441)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email:  rdehney@morrisnichols.com
        mharvey@morrisnichols.com
        mtalmo@morrisnichols.com
        emoats@morrisnichols.com

- and -

Mark Shinderman (admitted *pro hac vice*)
Daniel B. Denny (admitted *pro hac vice*)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063
Email:  mshinderman@milbank.com
        ddenny@milbank.com

*Counsel for the Original Debtors and
Proposed Counsel for Knotel Canada, Inc.*